UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO A. MEDINA,<br><br>        Plaintiff,<br><br>   vs.<br><br>J. LOPEZ, et al.,<br><br>        Defendants. | 1:14-cv-01785-GSA-PC<br><br>ORDER DISMISSING THIS CASE AS DUPLICATIVE OF CASE 1:14-CV-1850-GSA-PC<br><br>ORDER FOR CLERK TO ADMINISTRATIVELY CLOSE CASE<br><br>ORDER DIRECTING CLERK TO:<br><br>   (1)  SEND PLAINTIFF AN AMENDED COMPLAINT FORM, AND<br><br>   (2)  FILE AND DOCKET THIS ORDER IN THIS CASE AND IN CASE 1:14-CV-1850-GSA-PC<br><br>THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT IN CASE 1:14-CV-1850-GSA-PC |

**I.  BACKGROUND**

Pablo A. Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds as the sole Plaintiff in two cases pending at this court, the present case (1:14-cv-01785-GSA-PC, Medina v. Lopez) and case 1:14-cv-01850-GSA-PC, Medina v. Lopez.

**This case -- 14-1785**

On November 14, 2014, Plaintiff filed the Complaint commencing this action. (Doc. 1.) On November 21, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

**Case 14-1850**

On November 3, 2014, Plaintiff and nineteen co-plaintiffs filed case 2:14-cv-2566-DAD-PC, Hicks v. Lopez, at the Sacramento Division of the U.S. District Court for the Eastern District of California. (Court Record.) On November 12, 2014, the case was transferred to the Fresno Division of the Eastern District and opened as case 1:14-cv-01764-GSA-PC (Hicks v. Lopez). (Case 14-1764, Doc. 6.) On November 24, 2014, the court issued an order severing the plaintiffs' claims in case 14-1764, and a new case was opened for Plaintiff, 1:14-cv-1850-GSA-PC (Medina v. Lopez). (Case 14-1764, Doc. 24; Case 14-1850, Doc. 1.)

Plaintiff now proceeds as the sole Plaintiff in case 14-1850. On December 8, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Case 14-1850, Doc. 4.) On December 12, 2014, Plaintiff filed the First Amended Complaint. (Case 14-1850, Doc. 5.)

**II.     DUPLICATIVE CASES**

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39

1  (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir.1977) (en banc), cited with
2  approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)).
3       "Plaintiffs generally have 'no right to maintain two separate actions involving the same
4  subject matter at the same time in the same court and against the same defendant.'" Adams,
5  497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v.
6  Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).
7       "To determine whether a suit is duplicative, we borrow from the test for claim
8  preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit
9  pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as
10 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The
11 Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). "Thus, in assessing
12 whether the second action is duplicative of the first, we examine whether the causes of action
13 and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d
14 at 689 (citing see The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992 ("There must be the
15 same parties, or, at least, such as represent the same interests; there must be the same rights
16 asserted and the same relief prayed for; the relief must be founded upon the same facts, and the
17 ... essential basis, of the relief sought must be the same." (internal quotation marks omitted));
18 Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing
19 "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims
20 "would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Anderson &
21 Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available
22 relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Discussion**

24      From a review of the operative complaints in Plaintiff's two cases, the Court finds the
25 Complaint filed in the present case (14-1785) to be duplicative of the First Amended Complaint
26 filed in case 14-1850. Both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and in
27 both cases Plaintiff names as defendants Correctional Officer J. Lopez, Sergeant M. Vega, and
28 Lieutenant J. Tangen, who were all employed at North Kern State Prison (NKSP) in Delano,

California, during the time of the events at issue. (Case 14-1785, Doc. 1; Case 14-1850, Doc. 5.) Both cases stem from an incident at NKSP when Plaintiff was incarcerated there, during which defendants Lopez, Vega, and Tangen allegedly neglected Plaintiff's safety during a racial riot, resulting in injuries to Plaintiff's forearm when he was battered with a mop stick. In both cases, Plaintiff alleges that defendant Lopez failed to put away cleaning equipment, failed to do a full security check, and ran out of the dayroom when the riot started, leaving behind his flashlight which was then used as a weapon. In both cases, Plaintiff alleges that defendants Vega and Tangen negligently made a decision to place Plaintiff back in a hostile environment, in a dorm with the same black inmates who attacked him, causing Plaintiff great emotional distress. In both cases, Plaintiff seeks monetary damages as relief.

While there are some differences in Plaintiff's allegations in the two pending cases, both cases stem from the same incident, name the same defendants, allege the same injuries, and request the same relief. Based on these facts, the court finds the present case to be duplicative of case 1:14-cv-01850-GSA-PC. Because of this finding, and because the present case was filed before case 14-1850, the present case shall be dismissed.

Plaintiff shall continue to proceed with case 14-1850. Plaintiff shall be granted thirty days in which to prepare and file a Second Amended Complaint in case 14-1850, re-stating all of the allegations and claims with which he wishes to proceed.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. This case is DISMISSED as duplicative of case 1:14-cv-01850-GSA-PC;
2. The Clerk is directed to administratively CLOSE this case, 1:14-cv-1785-GSA-PC;
3. In case 1:14-cv-01850-GSA-PC, Plaintiff is granted thirty days from the date of service of this order in which to file a Second Amended Complaint, re-stating all of the allegations and claims with which he wishes to proceed; Plaintiff may not change the nature of the case or bring new allegations arising from events occurring after November 3, 2014, the date the case was filed;

4. The Clerk of Court is directed to:

    (1) Send Plaintiff a § 1983 civil rights complaint form; and

    (2) File and docket this order in both cases, 1:14-cv-1785-GSA-PC and 1:14-cv-1850-GSA-PC.

IT IS SO ORDERED.

Dated: **January 23, 2015**                   **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE