UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO MEDINA,<br><br>      Plaintiff,<br><br>   vs.<br><br>J. LOPEZ, et al.,<br><br>      Defendants. | 1:14-cv-01850-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR RELIEF FROM CALIFORNIA GOVERNMENT CODE § 945.4<br>(Doc. 13.) |

**I.    BACKGROUND**

Pablo Medina ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On November 3, 2014, Plaintiff and nineteen co-plaintiffs filed the Complaint commencing this action. (Doc. 1.) On November 24, 2014, the court issued an order severing the plaintiffs' claims and ordering each plaintiff to file an amended complaint in his own action. (Doc. 2.) Plaintiff is now the sole plaintiff in this action.

On December 12, 2014, Plaintiff filed the First Amended Complaint. (Doc. 5.) On January 23, 2015, the court issued an order administratively closing Plaintiff's pending case 1:14-cv-1785-GSA-PC; Medina v. Lopez as duplicative of the present case, and requiring

1

1  Plaintiff to file a Second Amended Complaint in this action.  (Doc. 10.)  On February 17, 2015,
2  Plaintiff filed the Second Amended Complaint, which awaits the court's requisite screening
3  under 28 U.S.C. § 1915A.  (Doc. 12.)

4  On March 23, 2015, Plaintiff filed a request for a court order "reliev[ing] him from [the]
5  provisions of Government Code 945.4."  (Doc. 13.)

## II.    CALIFORNIA'S GOVERNMENT CLAIMS ACT[1]

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (CVCGCB) no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,  911.2, 945.4, 950-950.2 (West 2015); see also Maynard v. City of San Jose, 37 F.3d 1396, 1406 (9th Cir. 1994).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  E.M. v. Los Angeles Unified School Dist., 194 Cal.App.4th 736, 744 (Cal. 2011); General Sec. Services Corp. v. County of Fresno, 815 F.Supp.2d 1123, 1131 (E.D.Cal., Sept. 2, 2011); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 208 (Cal. 2007); General Sec. Services Corp., 815 F.Supp.2d at 1132; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  "'Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.'"  Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 15 Cal.App.3d 861, 193 Cal.Rptr. 760, 762 (Cal.App. 1983).  "Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Shirk, 164 P.3d at 634.

---

[1] In City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act.

Under California Government Code § 946.6, a would-be claimant may petition a court for an order relieving the petitioner from the requirements of § 945.4. "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov.Code § 946.6(a).

### A.    Plaintiff's Request

Plaintiff requests a court order relieving him from the provisions of California Government Code § 945.4. Plaintiff states that he "already received a denial from [the CVCGCB] dated 1-23-2015 File # 6621466 and wish to proceed with tort claim." (Id.)

### B.    Discussion

Because Plaintiff asserts that he did not receive a denial of his VCGCB claim until January 23, 2015, more than two months after he filed this case on November 3, 2014, it is apparent that Plaintiff requests relief from the requirement of § 945.4 to present a timely written claim to the CVCGCB, with action on or rejection of the claim, before filing suit.

The Ninth Circuit has not decided whether a federal court, rather than a state court, has jurisdiction to rule on a request for relief from Government Code § 945.4, and there is a split of authority among California's district courts. This Court concurs with Hill v. City of Clovis, which explained:

> Although the Ninth Circuit has not interpreted § 946.6, most California District Courts interpret § 946.6(a) as meaning that only state superior courts, and not federal district courts, may grant relief from Government Code § 945.4. See e.g., Maximo v. San Francisco Unified Sch. Dist., 2011 U.S. Dist. LEXIS 30225, *17–*18, 2011 WL 1045292 (N.D.Cal. Mar. 21, 2011); Hickenbottom v. City of San Rafael, 2010 U.S. Dist. LEXIS 109007, *5, 2010 WL 4009434 (N.D.Cal. Oct. 13, 2010); Ludavico v. Sacramento County, 2009 U.S. Dist. LEXIS 22519, *15–*16, 2009 WL 616868 (E.D.Cal. Mar. 11, 2009); Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1022 (C.D.Cal.2000); Hernandez v. McClanahan, 996 F.Supp. 975, 978 (N.D.Cal.1998); Luers v. Smith, 941 F.Supp. 105, 108 (C.D.Cal.1996)). Some courts have reached a contrary conclusion and have held that both state superior courts and federal district courts may grant relief pursuant to § 946.6. See Rahimi v. AMTRAK, 2009 U.S. Dist. LEXIS 59423, *9–* 12, 2009 WL 1883756 (N.D. Cal. June 30, 2009); Perez v. Escondido, 165 F.Supp.2d 1111, 1113 (S.D.Cal.2001). "Rahimi relied on Perez in reaching its conclusion, and Perez in turn relied in part on the language of § 946.6. The language of § 946.6 that Perez relied upon predated amendments that went into effect in 2002. Prior to 2002, § 946.6(a) in pertinent part stated that the "proper court for filing the petition is *a court* which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be

a proper place for the trial of the action ...." Cal. Gov.Code § 946.6(a) (2001 ed.) (emphasis added); Perez, 165 F.Supp. at 1113. In distinguishing Hernandez, the Perez court stated that it "finds no basis in the language of section 946.6" for Hernandez's conclusions since "[n]othing in the language of section 946.6 precludes a federal court from adjudicating the merits of a petition for relief. The only provision pointed to either of the courts in Luers and Hernandez is a venue provision." Perez, 165 F.Supp.2d at 1115; see Rahimi, 2009 U.S. Dist. LEXIS 59423 at *10, 2009 WL 1883756. However, since 2002, the language of § 946.6(a) has become more specific. The "proper court" for obtaining relief is no longer "a court," rather it is now "a superior court." See Cal. Gov.Code § 946.6(a). Section 946.6(a) could have been left unamended with respect to specifically identifying the proper court, but it was changed. Since § 946.6(a) was amended to identify a specific court, and that court is the state superior court, this Court will follow the majority position and conclude that only state superior courts have been given the authority to grant relief pursuant to § 946.6(a). See Maximo, 2011 U.S. Dist. LEXIS 30225 at *17–*18, 2011 WL 1045292; Hickenbottom, 2010 U.S. Dist. LEXIS 109007 at *5, 2010 WL 4009434; Ludavico 2009 U.S. Dist. LEXIS 22519 at *15 n. 8, 2009 WL 616868; Ovando, 92 F.Supp.2d at 1022; Hernandez, 996 F.Supp. at 978; Luers, 941 F.Supp. at 108. Because this Court does not have authority to grant relief under § 946(a), any argument regarding excusable neglect is unavailing.

Hill v. City of Clovis, 2012 WL 787609 at *12 (E.D. Cal., Mar. 9, 2012, 1:11-CV-1391 AWI SMS). Therefore, this Court does not have authority to grant the relief requested by Plaintiff, and Plaintiff's petition must be denied.

### III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's petition for relief from the requirements of California Government Code § 945.4, filed on March 23, 2015, is DENIED.

IT IS SO ORDERED.

Dated:  **March 26, 2015**                        **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE