UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO A. MEDINA,<br><br>        Plaintiff,<br><br>  vs.<br><br>J. LOPEZ,<br><br>        Defendant. | 1:14-cv-01850-GSA-PC<br><br>ORDER CONSOLIDATING CASES<br><br>ORDER DIRECTING CLERK TO:<br><br>  (1) CONSOLIDATE CASE 1:14-CV-01794-MJS-PC WITH THIS CASE;<br><br>  (2) CLOSE CASE 1:14-CV-01794-MJS-PC<br><br>  (3) SEND PLAINTIFF AN AMENDED COMPLAINT FORM; AND<br><br>  (4) FILE AND DOCKET THIS ORDER IN THIS CASE AND IN CASE 1:14-CV-01794-MJS-PC<br><br>ORDER FOR PLAINTIFF TO <u>EITHER</u>:<br><br>  (1) FILE A THIRD COMPLAINT IN CASE 1:14-cv-01850-GSA-PC;<br><br>  <u>OR</u><br><br>  (2) NOTIFY COURT THAT HE WISHES TO PROCEED WITH THE SECOND AMENDED COMPLAINT FILED ON FEBRUARY 17, 2015<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT |

## I.  BACKGROUND

     Pablo A. Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds as the

sole Plaintiff in two cases pending at this court, the present case (1:14-cv-01850-GSA-PC, Medina v. Lopez and case 1:14-cv-01794-MJS-PC, Medina v. CDCR).

### This case -- 14-1850

On November 3, 2014, Plaintiff and nineteen co-plaintiffs filed case 2:14-cv-02566-DAD-PC, Hicks v. Lopez, at the Sacramento Division of the U.S. District Court for the Eastern District of California. (Court Record.) On November 12, 2014, the case was transferred to the Fresno Division of the Eastern District and opened as case 1:14-cv-01764-GSA-PC (Hicks v. Lopez). (Case 2:14-2566, Doc. 6.) On November 24, 2014, the court issued an order severing the plaintiffs' claims in case 14-1764, and a new case was opened for Plaintiff, 1:14-cv-01850-GSA-PC (Medina v. Lopez). (Case 14-1764, Doc. 24; Case 14-1850, Doc. 1.)

Plaintiff now proceeds as the sole Plaintiff in case 14-1850. On December 8, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Case 14-1850, Doc. 4.) On December 12, 2014, Plaintiff filed the First Amended Complaint. (Case 14-1850, Doc. 5.) On February 17, 2015, Plaintiff filed the Second Amended Complaint, which awaits the court's requisite screening. (Case 14-1850, Doc. 12.)

### Case 14-1794

On September 29, 2014, Plaintiff and nineteen co-plaintiffs filed case 1:14-cv-01528-MJS-PC, Webb v. CDCR. (Court Record.) On November 17, 2014, the court issued an order severing Plaintiff's claims from the co-plaintiffs' claims in case 14-1528, and a new case was opened for Plaintiff, 1:14-cv-01794-MJS-PC (Medina v. CDCR). (Case 14-1528, Doc. 13; Case 14-1794, Doc. 1.)

Plaintiff now proceeds as the sole Plaintiff in case 14-1794. On November 24, 2014, Plaintiff filed the operative Complaint, which awaits the court's requisite screening. (Case 14-1794, Doc. 4.)

## II.  CONSOLIDATION

"If actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation may be ordered on the motion

of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See <u>In re Air Crash Disaster at Florida Everglades on December 29, 1972</u>, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. <u>Investors Research Co. v. United States Dist. Ct.</u>, 877 F.2d 777 (9th Cir. 1989); <u>Cantrell v. GAF Corp.</u>, 999 F.2d 1007, 1011 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. <u>Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

**Discussion**

From a review of the operative complaints in Plaintiff's two cases, the Court finds consolidation of the cases to be appropriate, because they involve common questions of law and fact. Both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and in both cases Plaintiff names as defendants Correctional Officer J. Lopez, Sergeant M. Vega, and Lieutenant J. Tangen, who were all employed at North Kern State Prison (NKSP) in Delano, California, during the time of the events at issue. (Case 14-1794, Doc. 1; Case 14-1850, Doc. 5.) Both cases stem from an incident at NKSP when Plaintiff was incarcerated there, during which defendants Lopez, Vega, and Tangen allegedly neglected Plaintiff's safety during a racial riot, resulting in injury to Plaintiff. In both cases, Plaintiff alleges that defendant Lopez failed to put away cleaning equipment, failed to do a full security check, and ran out of the dayroom when the riot started, leaving behind his flashlight which was then used as a weapon. In both cases, Plaintiff alleges that defendants Vega and Tangen negligently made a decision to place Plaintiff back in a hostile environment, in a dorm with the same black inmates who attacked him, causing Plaintiff great emotional distress. In both cases, Plaintiff seeks monetary damages as relief.

While there are some differences in Plaintiff's allegations in the two pending cases, both cases stem from the same incident, name the same defendants, allege the same injuries, and request the same relief. The discovery issues in these actions will be identical in both

cases. Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.

It is in the interest of judicial economy to avoid duplication by consolidating these actions for all purposes. Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case. It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998.)

There is little risk of confusion due to the consolidation of these actions, as the same facts concerning the same defendants are found in both cases, and Plaintiff shall proceed in one action and be granted leave to file a consolidated complaint, if he wishes. Finally, the Court can discern no prejudice to any of the parties by consolidating these actions, and consolidation will avoid the danger of having inconsistent verdicts in the related cases. The factors considered weigh in favor of consolidating these actions for all purposes.

Plaintiff shall be granted leave to file an amended complaint in the consolidated action, if he so wishes. The court shall screen the operative complaint in the consolidated action and issue a screening order before service of process is initiated.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office is directed to consolidate Case No. 1:14-cv-01794-MJS-PC, Medina v CDCR, with this case.
2. This case, Case No. 1:14-cv-01850-GSA-PC, shall be designated as the lead case, and Case No. 1:14-cv-01794-MJS-PC shall be closed;
3. From this date forward, the parties shall use Case No. 1:14-cv-01850-GSA-PC on all documents submitted to the court for the consolidated case;
4. Plaintiff is granted thirty days from the date of service of this order in which to either: (1) file a Third Amended Complaint in the consolidated case, using Case No. 1:14-cv-01850-GSA-PC, or (2) notify the court that he wishes to proceed with the Second Amended Complaint filed on February 17, 2015;

5. The Clerk's Office is also directed to:

    (1) Close Case No. 1:14-cv-01794-MJS-PC;

    (2) Docket and serve this order in both cases, Case No. 1:14-cv-01850-GSA-PC <u>and</u> Case No. 1:14-cv-01794-MJS-PC; and

    (3) Send Plaintiff an amended complaint form; and

6. Plaintiff's failure to comply with this order may result in the dismissal of this case in its entirety.

IT IS SO ORDERED.

Dated: **April 9, 2015**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE