UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO A. MEDINA,<br><br>        Plaintiff,<br><br>   vs.<br><br>J. LOPEZ, et al.,<br><br>        Defendants. | 1:14-cv-01850-GSA-PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 12.)<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

**I.    BACKGROUND**

Pablo A. Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On November 3, 2014, Plaintiff and nineteen co-plaintiffs filed case 2:14-cv-2566-DAD-PC, Hicks v. Lopez, at the Sacramento Division of the U.S. District Court for the Eastern District of California. On November 12, 2014, the case was transferred to the Fresno Division of the Eastern District and opened as case 1:14-cv-01764-GSA-PC (Hicks v. Lopez). On November 24, 2014, the court issued an order severing the twenty plaintiffs' claims in case 1:14-cv-1764-GSA-PC, and the present case was opened for Plaintiff, 1:14-cv-1850-GSA-PC, Medina v. Lopez. (Doc. 1.) Plaintiff now proceeds as the sole Plaintiff in the present case.

On December 8, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.

1

(Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).  On December 12, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 5.)  On February 17, 2015, with leave of court, Plaintiff filed the Second Amended Complaint.  (Doc. 12.)

On April 9, 2015, case 1:14-cv-1794-MJS-PC, Medina v. CDCR, was consolidated with the present case, and Plaintiff was granted leave to either file a Third Amended Complaint in the present case, or notify the court that he wishes to proceed with the Second Amended Complaint.  (Doc. 15.)  On April 24, 2015, Plaintiff filed a notice that he wishes to proceed with the Second Amended Complaint.  (Doc. 16.)

The Second Amended Complaint is now before the court for screening.

## II.    SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "Rule 8(a)"'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9

(1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.     SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the Second Amended Complaint allegedly occurred at North Kern State Prison (NKSP) in Delano, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer (C/O) J. Lopez, Sergeant M. Vega, and Lieutenant J. Tangen ("Defendants"). All of the Defendants were employed by the CDCR at NKSP at the time of the events at issue.

This case stems from an incident at NKSP, during which defendants Lopez, Vega, and Tangen allegedly neglected Plaintiff's safety during a riot, resulting in injury to Plaintiff. Plaintiff alleges that defendant Lopez ran out of the dayroom when the riot started, failing to do a full security check and failing to put away cleaning equipment, leaving behind a mopstick which was then used as a weapon against Plaintiff. Plaintiff also alleges that defendant Lopez left behind a flashlight which was used as a weapon. Plaintiff alleges that defendant Vega failed to make sure that C/O Lopez performed his daily duties correctly, and that defendants Vega and Tangen negligently made a decision to place Plaintiff back in a hostile environment, in a dorm with the same black inmates who had battered him repeatedly with the mopstick, causing Plaintiff great emotional distress. Plaintiff was housed with his attackers for more than four months, during which time Plaintiff feared being attacked again. Plaintiff alleges that he had trouble sleeping and suffered from paranoia, physical stress, nervousness, and fear. Plaintiff also alleges that defendant Tangen signed all of the correctional officers' reports, covering up the fact that they gave false information. Plaintiff seeks monetary damages.

///

///

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Failure to Protect – Eighth Amendment

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.

1995). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

### *During the Riot*

Plaintiff alleges that when the riot started, defendant Lopez ran out of the dayroom without putting away cleaning equipment or doing a full security check, leaving behind a mopstick which was then used by other inmates to batter Plaintiff. Plaintiff also alleges that defendant Vega failed to make sure that defendant Lopez properly performed his duties.

Plaintiff's allegations demonstrate that defendant Lopez exposed Plaintiff to a sufficiently substantial risk of harm. However, Plaintiff fails to show that defendant Lopez acted with deliberate indifference against Plaintiff. Plaintiff fails to allege facts showing that defendant Lopez acted against him while knowing and consciously disregarding a serious risk of substantial harm to Plaintiff   Therefore, Plaintiff fails to state an Eighth Amendment claim against defendant Lopez for failing to protect him during the riot.

Plaintiff allegations appear to allege that defendant Vega was defendant Lopez's supervisor, and for that reason should be held accountable for defendant Lopez's actions. Plaintiff may not find defendant Vega liable under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

///

Therefore, Plaintiff fails to state a claim against defendant Vega for failure to make sure that defendant Lopez properly performed his duties during the riot.

### *After the Riot*

Plaintiff alleges that after the riot, defendants Vega and Tangen negligently made a decision to place Plaintiff back in a hostile environment, in a dorm with the same black inmates who had battered him during the riot with a mopstick, causing Plaintiff great emotional distress.

Plaintiff fails to state a claim for failure to protect him after the riot, because Plaintiff has not alleged that a realistic risk of harm against him by the black inmates existed after the riot was over. Plaintiff does not allege that he was enemies with any of the black inmates or that they ever threatened or injured him while they were housed together for four months in the same dorm. Moreover, Plaintiff fails to allege facts showing that defendants Vega and Tangen were deliberately indifferent to a serious risk of harm to Plaintiff when they placed him in the dorm.

### B.    False Reports

Plaintiff alleges that defendant Tangen signed all of the correctional officers' reports, covering up false information in the reports. Plaintiff has not alleged the deprivation of any legally protected interest. Therefore, these allegations are insufficient to state a claim under § 1983 against defendant Tangen.

### C.    Negligence

Plaintiff alleges that Defendants acted negligently against him. Plaintiff is informed that violation of state tort law, such as negligence, is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

### V.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any of the

Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Therefore, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

The Third Amended Complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 556 U.S. at 676; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Under § 1983 there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  <u>Iqbal</u> at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).   Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934 (emphasis added).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint, filed on February 17, 2015, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint curing the deficiencies identified by the court in this order;

4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:14-cv-01850-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **April 27, 2015**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE